Owen, J.
1. The contention of the defendant is that whatever claim for damages accrued against it by reason of the injury complained of must be prosecuted by the village of Somerset. To sustain this position section 2640, Revised Statutes, is relied upon. This provides that: “ The council (of each municipal corporation) shall have the care, supervision, and control, of all public highways, streets, *453 avenues, alleys, sidewalks, public grounds, and bridges, within the corporation, and shall cause the same to be kept open and in repair, and free from nuisance.”
On the strength of this provision it was held in Railroad Co. v. Commissioners, 35 Ohio St. 1, that: “ Where an obstruction is created in a state or county road, and the corporation limits of a municipal corporation are extended over a part of the road so obstructed, the county commissioners can not maintain an action for the obstruction of that part of the highway which is within the limits of the corporation.” The highway involved in this decision was within the city of Youngstown (a city of the second class), in Mahoning county. The reason chiefly relied upon in the opinion of Okey, J., to support the conclusion announced is that: “ Under the act of 1873 (now section 863, Revised Statutes, infra), the damages recovered must be appropriated by the commissioners in repairing the road or removing the obstruction; but as the control of highways in the corporation is confided to the corporate authorities, the commissioners could not apply such moneys within the corporate limits.”
In the case at bar, the money had already been expended by the commissioners in repairing the injury, and the action was to reimburse the county therefor.
An enactment, since incorporated into section 2824 (Revised Statutes), provided that, in all cities of the first and second class, one-half the proportion of the bridge fund collected upon property within such cities — in all eases where city conned hall demand it — shall be paid into the city treasury, and shall be expended by such city for the purpose of building and repairing bridges.
This enactment is not cited to show the village of Somerset to have been destitute of a bridge fund (for it was authorized to make a levy for bridge purposes, section 2683 Revised Statutes, but for the reason that an enactment siuce incorporated into section 4938,Revised Statutes, provided that: .
“ The commissioners of the several counties shall cause *454 to be constructed and kept in repair ... all necessary bridges in villages and cities not having a right to demand and receive a part of the bridge fund . . . on all county . . . roads . . . running into or through any such village or city.”
It will be seen from this, that the village of Somerset, not being entitled to demand or receive any part of the county bridge fund, comes squarely withiu the requirement that the commissioners shall cause to be constructed, and kept in repair, all necessary bridges on all county roads within such villages. Section 863, Revised Statutes, provides that: “Where a bridge on any state or county road the property of, or under the control or supervision of, any county, is injured or destroyed ... by any corporation . . . such corporation shall be subject to . . . damages ; and the board of commissioners of the proper county is authorized to sue . . . and the money so recovered . . . shall be appropriated by the commissioners thereof to repairing such bridge ... or to reimburse the county for expenditure in that behalf . . . and the statute of limitations shall not run in favor of any person or corporation committing any acts, injuries, or obstructions concerning any such road or public highway.”
The action below was evidently brought under the authority of this section.
It will be observed, that if such bridge is either the property or under the control of the county, the commissioners are authorized to bring suit for its destruction, or to reimburse the .county for expenses incurred in its restoration.
The bridge in question, in the case at bar, was unquestionably the property of the county. It was so far destroyed by the defendant as to make it necessary that an entire new bridge be constructed in its stead; and, in view of the provisions cited above, we are not prepared to hold that the provisions of section 2640, supra, purporting to invest the councils of municipal corporations with the care, supervision, and control of bridges within the corporations, *455 and the duty of keeping them in repair, were designed to extend to the construction, by villages, of new bridges which are destined, on completion, to become and remain the property of the counties in which such villages are respectively situated.
The ownership of such a bridge by the county ; its duty to rebuild it when destroyed; and the duty of the municipality in which it is situated to supervise and control it, or even to keep it in repair, are not so far inconsistent as to call upon us to declare a repeal, by implication, of any of these apparently conflicting provisions in order to hold, as we do, that the plaintiff is entitled to recover of the defendant the necessary cost of rebuilding the bridge, which, by the wrongful acts of the latter, was so far destroyed as to create a necessity for a new bridge in its place. Nor do we find it necessary, in reaching this conclusion, to overrule or materially qualify Railroad Co. v. Commissioners, 35 Ohio St. 1. That ease is, for the reasons already given, clearly distinguishable from the case at bar.
2. The plea of the statute of limitations which the demurrer interposed to the petition is untenable. From the time the injuries complained of were committed, and, at least, to the time the commissioners made full restoration, the duty of the defendant to restore the bridge to its former condition of usefulness and safety, was a continuing and subsisting obligation, and each day’s failure to make full restoration was a fresh breach of such obligation; and lapse of time can not avail to interpose a bar to recovery. Railroad Co. v. Commissioners, 31 Ohio St. 338. The injury was committed in 1871. Full restoration was made by the commissioners in March, 1878. The action below was commenced in October, 1882. When the commissioners had fully restored the bridge, it became the duty of the defendant to reimburse the county in that behalf; and whether we treat this obligation as a liabiliy created by statute (section 863, supra) ; whether the necessary performance by the commissioners of a duty imposed by law upon the defendant, which the latter refused to perform, raised an implication *456 of a promise by the latter to repay the expense so incurred; or whether the rule of limitation prescribed by the section last cited be held to extend to an action for the construction of the bridge in question, the result is the same — lapse of time does not avail to bar recovery.
The court of common pleas erred in sustaining the demurrer to the petition and dismissing the plaintiff’s action. The district court erred in affirming this judgment.

These judgments are reversed; the demurrer is overruled, and the cause remanded for further proceedings.